**IN THE COURT OF APPEALS OF IOWA**

No. 23-0676
Filed July 26, 2023

**IN THE INTEREST OF O.H.,**
**Minor Child,**

**A.S., Mother,**
　　Appellant.
_____

　　Appeal from the Iowa District Court for Jones County, Joan M. Black, District Associate Judge.

　　A mother appeals the termination of her parental rights. **AFFIRMED.**

　　Robin L. Himes, Cedar Rapids, for appellant mother.

　　Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney General, for appellee State.

　　Robert Davison, Cedar Rapids, attorney and guardian ad litem for minor child.

　　Considered by Tabor, P.J., and Ahlers and Buller, JJ.

**BULLER, Judge.**

A mother appeals the termination of parental rights to her child O.H. (born 2018), arguing termination is not the child's best interests and a permissive exception should preclude termination.  We affirm, finding the best interests of the child favor termination and the juvenile court did not err in declining to apply a permissive exception.

## I.      Background Facts & Proceedings

The child first came to the attention of the Iowa Department of Health and Human Services (HHS) in October 2021, after the agency received reports that the mother was using methamphetamine while caring for the child.  After the mother and child both tested positive for methamphetamine, the child was removed from his parents' home and placed with his maternal grandmother.

Throughout the life of this case, the father did not visit the child or otherwise participate in services, and he expressed to HHS that he did not want any relationship with the child.  The mother engaged with some services, but she failed to make meaningful progress in any of them.  She participated in both in-patient and out-patient substance-abuse treatment, but she either left or was discharged before completion of any program.  She also continually missed drug tests and, when the mother did test, she repeatedly returned positive tests for methamphetamine, amphetamines, and tetrahydrocannabinol (THC).  The mother was also provided with mental-health treatment for several mental disorders, but she never made meaningful progress.

The mother attended visits with the child, where she showed a connection with him, but she was unable to provide for the child's medical needs and care.

The child was born with a rare genetic disorder, which resulted in him being nonverbal and requiring extensive medical care and oversight. Instead of providing care herself, the mother left the child's medical care to the maternal grandmother. The mother also relied on the child's condition for supplemental income and housing, and once the child was removed from her care, the mother was unable to secure any stable source of income or housing.

Because of the lack of meaningful progress from either parent, the State filed a petition to terminate both the mother's and father's parental rights. At the termination hearing, neither parent contested that the statutory elements of termination were satisfied. In April 2023, the district court terminated the rights of both parents. Only the mother appeals.

## II. Standard of Review

"We review termination proceedings de novo." *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "The primary interest in termination proceedings is the best interests of the child." *Id.*

## III. Discussion

As below, the mother does not contest whether the State met the statutory elements for termination. Instead, she argues termination is not in the child's best interests and the juvenile court erred in not applying a permissive exception. We disagree with both arguments and affirm.

First, we agree with the juvenile court that termination is in the child's best interests. *See* Iowa Code § 232.116(2) (2023). Throughout this case, even right before the termination trial, the mother returned positive drug tests for methamphetamine, amphetamines, and THC. She also failed to attend several

drug tests, which we presume would have been positive. *In re R.A.*, No. 21-0746, 2021 WL 4891011, at *1 (Iowa Ct. App. Oct. 20, 2021) ("[The parent] missed several drug tests over the life of this case. We presume these missed tests would have been positive for illegal substances."). The mother never meaningfully sought treatment for her addictions, and she failed to complete both out-patient and in-patient treatment. The mother's unrelenting drug addictions, which persisted through the time of termination, are enough to convince us termination is in the child's best interests. *See State v. Petithory*, 702 N.W.2d 854, 859 (Iowa 2005) ("What parent among us would entrust a three-year old to a meth addict? No right thinking parent would do so, because of the dangers and hazards.").

In addition to these drug issues, the mother refused to meaningfully address her mental-health issues, and she has not obtained a stable source of income or housing. She is also unable or unwilling to fully address the child's extensive medical needs, leaving those issues to the grandmother. The care provided by the mother contrasts sharply with the child's current placement with his grandmother, who is able to provide a sense of permanency, keep the child safe, and attend to his medical needs. *See In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (reiterating that the cornerstones of the best-interests analysis are the "child's safety and his or her need for a permanent home" (internal citations omitted)). To the extent the mother urges a guardianship in lieu of termination, the benefits of permanency, stability, and safety persuade us termination is in the child's best interests. *See In re B.T.*, 894 N.W.2d 29, 32 (Iowa Ct. App. 2017) ("[A] guardianship is not a legally preferable alternative to termination.").

We also decline to apply any permissive exceptions to termination. *See* Iowa Code § 232.116(3). The mother bears the burden to prove application of any exception. *In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018). On appeal, the mother argues for the application of an exception based on the closeness of the parent-child bond, but we find that the child will not be disadvantaged through termination. *In re D.W.*, 791 N.W.2d 703, 709 (Iowa 2010) ("[O]ur consideration [for this exception] must center on whether the child will be disadvantaged by termination, and whether the disadvantage overcomes [the parent's] inability to provide for [the child's] developing needs."). While the child does have a bond with the mother, the child's needs for permanency, stability, and safety outweigh any arguable detriment caused by termination. *See id.* As the mother herself notes, she can also continue to be a part of her child's life even if her rights are terminated. We affirm the district court on this issue and affirm the termination of mother's parental rights.

**AFFIRMED.**